UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIE WILLIAMS,<br><br>                              Plaintiff,<br><br>          -against-<br><br>SGT. BONANO; C.O. RUSSIEN; MS.<br>CHEVEREZ; C.O. CUNNINGHAM,<br><br>                              Defendants. | 24-CV-1586 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff Willie Williams, who appears *pro se* and is currently incarcerated in the Attica

Correctional Facility, asserts claims for damages and declaratory relief, under 42 U.S.C. § 1983,

arising from events that he alleges occurred while he was incarcerated in the Sing Sing

Correctional Facility ("Sing Sing").  Plaintiff sues: (1) Correctional Sergeant Bonano;

(2) Correctional Officer Rousseau (referred to as "Russien"); (3) "Ms. Cheverez," who appears

to be the Hearing Officer who presided over an administrative disciplinary proceeding brought

against Plaintiff at Sing Sing; and (4) Correctional Officer Cunningham.

By order dated March 21, 2024, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees.[1]  The Court: (1) directs service on the

defendants by the United States Marshals Service; and (2) directs the defendants to comply with

Local Civil Rule 33.2 within 120 days of service.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

**A.     Service on the defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the United States Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the Defendants through the United States Marshals Service, the Clerk of Court is instructed to fill out a United States Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant.  The Clerk of Court is further instructed to issue a summons for each Defendant and deliver to the United States Marshals Service all of the paperwork necessary for the Marshals Service to effect service of a summons and the complaint upon each Defendant.

If a summons and the Complaint are not served on each Defendant within 90 days after the date that the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the Complaint on each of the Defendants until the Court reviewed the Complaint and ordered that summonses for the Defendants be issued.  The Court therefore extends the time to serve the Defendants until 90 days after the date that summonses for the Defendants are issued.

**B.**     **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of the date of service, the Defendants must serve responses to those standard discovery requests.  In their responses, the Defendants must quote each request verbatim.[3]

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue summonses for the Defendants; complete USM-285 forms with the service addresses of the Defendants; and deliver all documents necessary to effect service of the summonses and the Complaint, (Dkt. No. 1), on the Defendants to the United States Marshals Service.

The Court further directs the Defendants to comply with Local Civil Rule 33.2 within 120 days of service.

SO ORDERED.

Dated:     April 25, 2024
            White Plains, New York

_____
            KENNETH M. KARAS
            United States District Judge

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1. Sergeant Bonano
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

2. Correctional Officer Rousseau (referred to as "Russien")
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

3. Ms. Cheverez
   Hearing Officer
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

4. Correctional Officer Cunningham
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442