UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Willie Williams,

                Plaintiff,          CIVIL RIGHTS COMPLAINT
                                  Pursuant to 42 U.S.C. 1983

    -against-

Sgt. Bonano,                       Case no.: #    -cv-
In her Individual Capacities,


C.O. Russien,
In his Individual Capacities,           Jury Trial Demanded: Yes

                            Jurisdiction and Venue

Ms. Cheverez,
In her Individual Capacities,


C.O. Cunningham,
In his Individual Capacities.


1. This is an action of civil, seeking relief and/or damages, to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. s. 1983, along with s. 12101-200. This Court has jurisdiction over the action pursuant to 28 U.S.C. s.s. 1331, 1343 (3) and (4), and 2201.


Parties To This Action:


2. Plaintiff's information:

Name: Willie Williams DIN:#04A3775

Present Place of Incarceration: Attica Correctional Facility
                                     639 Exchange Street
                                     Attica, New York 14011-0149

Defendant(s) information        Sgt. Bonano

Defendant No. 1               Sing Sing Correctional Facilty
                                   354 Hunter Street
                                   Ossining, New York 10562

Defendant(s) information
Defendant No. 2:

C.O. Russien
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

Defendant(s) information
Defendant No. 3

Ms. Cheverez
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

Defendant(s) information
Defendant No. 4

C.O. Cunningham
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

### STATEMENT OF FACTS RELEVANT TO THE ACTION HEREIN:

3. On 03/22/23, C.O. Russien, came to mdy cell for a search of my cell, I was ordered to step out of cell, for a pat frisk. After the frisk I was ordered to step aside, I then asked who ordered this search, C.O. said he did not know who ordered the search. This was in violation of Directive # 4932 251-3.1B. The ticket was not endorsed by no other C.O. or Sgt. nor area supervisor who claimed to be present/ participated in cell search. "...Each Employee shall endorse his or her name on a Report made by one of the Employee."

4. Ms. Cheverez, the Tier Hearing Officer admitted "on the record" there was no endorsement on ticket by any other C.O. or Sgt. and C.O. who outside of C.O. Russien who search served Mr. Williams the ticket.

5. In violation of Directive # 4932 s. 253-1-B Tier Hearing Officer Ms. Cheverez, who went off the record to investigate, the missing signature, then came back on the record days later saying Sgt. signature was there the whole time, the "Lt." pointed out to Ms. Cheverez. (endorsement cannot stand, Sgt. was not "Present During Search".)

6. In violation of Directive # 4910 VI-B2 plus c-1.3 Scheduled/Unscheduled response "Type Search must be done under close supervision". As admitted by C.O. Russien, C.O. Cunningham, and later by Sgt. Banano who wrote in "Her report that she was present but admitted on the record she was not present during search.

7. Conflicting testimony from C.O. Cunningham claim to be present, observed search but does not know where phone was found. While C.O. Russien was ordered to search cell he did not know who ordered him to search cell, but Cunningham knew that Sgt. Banano ordered the search.

8. Tier Assistant requested to call I/Williams to testify, Tier Hearing personnel denied that, C.O. Vasquez was named to be called as he was actually there not Cunningham and Hearing Officer denied that witness as well. The Tier Hearing Officer, stated she could go against Directive # 4932 s. 253-1B to investigate ticket's missing signature but failed to show rule governing her actions. Hearing co Officer failed to show rules which govern her saying I/Williams could not speak to preserve objections since he had an assistant especially since Hearing Personnel partook in objectionable actions.

Statement of Claims Relevant To The Action Herein:

Point One (1):

42 U.S.C.A. s. 1983 To Obtain Relief from Deprivation of U.S. Constitutions 8th and 14th Amendments

9. The United States Constitution, along with New York State Article(s), Federal and State Laws and statutes to protect citizens against, deprivations of government arbitrary powers, of unfair and unlawful treatment, to equal and civil

rights were violated, when Sgt. ordered a non supervised search of the plaintiff cell.

10. The essential requirement for action under Section 1983, to obtain relief is as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territorial or District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person while within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws, shall be 'liable', to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

11. The present case, plaintiff was deprived of his United States (U.S.) constitutional equal and civil rights and privileges, when Tier Hearing Officer denied the plaintiff to call, witnesses at hearing, plaintiff identify's a protected liberty interest and identify's the procedure that deprived him of a fair hearing.

Point Two (2):
Deprivation Of The Eighth Amendment Through That Of The Fourteenth Amendment

12. The United States Eighth and Fourteenth Amendments as well as New York Article (Art.) and Sections, which all states within the jurisdiction of the United States and it's Laws, are bound to follow, was deprived, as the Fourteenth Amendment states:

All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens' of the United States and of the state wherein they reside. No State shall make or enforce any law which shall abridge the

privileges or immunities of citizens of the United States: nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within it's jurisdiction the equal protection of law.

13. The due process clause of the Fourteenth Amend. has two functions. First, it protects the plaintiff against arbitrary and unfair treatment by state officials. This aspect of the Fourteenth (Amend.) is known as substantive due process. Substantive due process rights were violated, when Ms. Cheverez denied the plaintiff to call witnesses at hearing.

14. Sgt. Bonano, violated the plaintiff's rights when she ordered unsupervise cell search and lied, saying she was present during search of Mr. Williams cell.

15. C.O. Cunningham, C.O. Russien, Sgt. Banano violated the plaintiff's due process rights with false signature on ticket and a unknown Lt., pointed out false signature to Ms. Cheverez, and she still moved forward with hearing.

16. The second function of the due process clause is to ensure that the plaintiff is and was not deprived of life, liberty, or property without due process of law; This aspect of the Fourteenth Amend is known as procedural due process.

17. The plaintiff under this cause has met the requirements of a Fourteenth Amend. violation:

18. The Plaintiff was deprived of his liberty rights, when Ms. Cheverez, denied the plaintiff to call witnesses at the hearing.

Statement of Cause of Action Relevant to The Action Herein:

First Cause of Acton:

Deprivation of U.S. 8th and 14th Amendment

19. Sgt. Bonano, failed to have the search of the plaintiff's cell supervise, during the search of the plaintiff's cell.

20. Ms Cheverez, violated the plaintiff rights when she did not allow the plaintiff to call witnesses at Tier Hearing.

21. C.O. Cunningham, lied and said he was present during search of the plaintiff cell, search was unsupervise.

22. C.O. Russien, failed when he did not have the search of cell supervise, saying he found a cell phone in my cell.

Pleading or Relief Sought By The Plaintiff:

23. Plaintiff seeks a Trial by Jury, for Declaratory and monetary relief in the amount of: $500,000. from Sgt. Bonano, who failed to have the search of the plaintiff's cell supervisor and lied saying she was present during the search.

24. Plaintiff seeks a trial by jury, for Declaratory and monetary relief in the amounty of: $500,000, from C.O. Russien, for not having the ticket endorsed by a Supervisor during search of cell.

25. Plaintiff seeks, a trial by jury for declaratory and monetary  relief in the amount of: $500,000, from C.O. Cuningham for claiming to be present during search of

the plaintiff's cell.

26. Plaintiff seeks, a trial by jury for declaratory and monetary relief in the amount of: $2,000,000, from Hearing Officer Ms. Cheverez, who denied the plaintiff the right to call witnesses during Tier Hearing.

27. She also went off the record to falsify Document by procurring a signature then committed perjury when she came back on the record and verbally back dated the signature.

Signed: August _9TH_, 2023

Pro Se Plaintiff: 04A3775
Willie Williams

I, Willie Williams declare under the penalty of perjury, 28 U.S.C. 1746, Duncan v. Foti, 828 F,2d 297, that the above written complaint is true and correct.

Pro Se Plaintiff:
Willie Williams 04A3775
Attica Correctional Facilty
639 Exchange Street
Attica, New York 14011-0149

Dated: Attica, New York 14011
       August _9TH_, 2023

# APPENDIX PAGE

EXHIBIT (A): TIER III TICKET

EXHIBIT (B): 2-WITNESS SHEET NOTICE

EXHIBIT (C): 9-PAGES DISPOSITION

EXHIBIT (D): GRIEVANCE AGAINST CHEVEREZ

EXHIBIT (E): APPEAL - (3 PAGES)

EXHIBIT (F): APPEAL DECISION

EXHIBIT (G): RECONSIDERATION +
              QUERY LETTER
         • COURTS REPLY

# EXHIBIT "A"

FORM 2171 B (11/21)
Side 2

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

_Sing Sing_ Correctional Facility    # 0552

## INCARCERATED INDIVIDUAL MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL INDIVIDUO ENCARCE

| 1. NAME OF INCARCERATED INDIVIDUAL (Last, First) ♦ NOMBRE DEL INDIVIDUO ENCARCELADO (Apellido, Nombre) | DIN | HOUSING LOCATION ♦ CEL |
|---|---|---|
| Williams, Will | 04A3775 | HBB W-5 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| HBB W-51 | 3/22/23 | approx 745 A |

3. RULE VIOLATION(S) ♦ VIOLACIÓN (ES)

113.23  Contraband

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

On the above date and approx time, I was ordered to conduct a cell search of HBB W-51 which is assigned to I/I Williams, W, DIN 377. As I arrived to the cell, I/I Williams was found present in his cell. I ordered Williams to step out of the cell and subject to a pat frisk. Complied, no further contraband was found on his person. Williams was allowed to observe the cell search. During the cell search, I recovered the following contrabands ① Black Samsung Cell phone (1 unsecured 1 (I Phone 8)) in the left rear of cell under the bed, ② Pair of Black altered headphones in the top locker of cell ③ Gray charging cable connected to a homemade phone charger/adapter. The charger and phone were plugged into electrical outlet of the cell. I secured the contrabands on my person and continued the search. No further contrabands were recovered. Area Supervisor was notified of my findings.

| 5. REPORT DATE ♦ FECHA | REPORTED BY ♦ REPORTADO POR | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 3/22/23 | B. Rousseau | _signature_ | C.O |

ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)    SIGNATURES:
ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)    FIRMAS:   1. _____

2. _____    3. _____

**NOTE: Fold back Page 2 on dotted line before completing below.**

DATE AND TIME SERVED UPON INCARCERATED INDIVIDUAL _____

FECHA Y HORA DADO AL INDIVIDUO ENCARCELADO _____    NAME AND TITLE OF SERVER _____    Served by C.O

NOMBRE Y TÍTULO DEL QUE ENTREGA _____

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a cri proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada e en una demanda criminal.

3/22/23 @ 10:51 PM

### NOTICE ♦ AVISO

### REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The incarcerated individual shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le pen al individuo encarcelado llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución ni las metas del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or their designee prior to the hearing to ma statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, pu escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesida continuar bajo confinamiento, previo a la audiencia.

Distribution: WHITE - Disciplinary Office CANARY - Incarcerated Individual (After review) ♦ Distribución: BLANCA - Oficina Disciplinaria AMARILLA – Individuo Encarcelado (después del

# EXHIBIT "B"

7 5

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## WITNESS INTERVIEW NOTICE (For Superintendent's & Disciplinary Hearings)

_Sing Sing_ _____ Correctional Facility

_Williams Willie_ _____  _DYA3775_
Inmate Name (Print)                          DIN

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference:  Directive #4932, Sections 253.5 and 254.5.

_Sgt Bonanno_ _____
Requested witness:

☐ Permission to call the requested witness is denied.
☒ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _4/4/23_   Explanation: _Sgt Bonanno was in the facility today. Called her at her home. Conducted testimony via phone. IH was in SHU IH kep fronts in Dir office w/ Writer during his testimony._

*********************************************************************************

Requested witness: _____

☐ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _____   Explanation: _____

*********************************************************************************

Requested witness: _____

☐ Permission to call the requested witness is denied.
☐ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: _____   Explanation: _____

*********************************************************************************

Signature _Y Perry_ _____     _Williams Willie_   _DYA3775_  _4/4/23_
                Hearing Officer                    Inmate          DIN        Date Received
                                              (IH in
                                               SHU)

Distribution:  Original - Hearing Record     Copy - Inmate

FORM 2176 (9/11)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## WITNESS INTERVIEW NOTICE (For Superintendent's & Disciplinary Hearings)

_____*Sing Sing*_____ Correctional Facility

*Williams, Willie* _____ *04A3775* _____
Inmate Name (Print)                    DIN

An inmate may call witnesses on his or her behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals.

If permission to call a witness is denied, or if a requested witness testifies outside the presence of the inmate charged and/or if the inmate is not permitted to review the testimony of a witness, the reason for such determination must be recorded on this form and copies given to the inmate by the hearing officer and included in the hearing record.

Reference:  Directive #4932, Sections 253.5 and 254.5.

*Brody E*
Requested witness: 

☐ Permission to call the requested witness is denied.
☑ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: *3/23/23* Explanation: *Lt Brody testified outside Lt Williams presence. Lt was in SHU. Lt Brody was in the hearing Room via the phone with this writer and Lt Reg Frantz, T. 95 A:*

*************************************************************

*CO Rousseau*
Requested witness: 

☐ Permission to call the requested witness is denied.
☑ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: *3/20/23* Explanation: *CO Rousseau placed testimony on the phone with hearing officer - hearing PS Lt is in SHU and record occurred with Lt Reg Frantz, J. on the phone*

*************************************************************

*CO Cunningham*
Requested witness: 

☐ Permission to call the requested witness is denied.
☑ Requested witness will testify outside inmate's presence.
☐ Inmate is not permitted to review requested witness's testimony.

Date: *3/30/23* Explanation: *CO Cunningham placed testimony via the phone. Lt Williams in SHU Lt Reg Frantz w/ hearing officer in hearing Room.*

*************************************************************

Signature *J Chevez* _____    *Williams, Willie* ____ *04A3775* _ *4/4/23*
              Hearing Officer                    Inmate                       DIN          Date Received
                                               (in SHU)

Distribution:  Original - Hearing Record    Copy - Inmate

FORM 2176 (9/11)

# EXHIBIT C

03/22/2023
DCP004

NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION
SUPERINTENDENT  HEARING DISPOSITION RENDERED

PAGE

SING SING GN

TAPE NUMBER  54

DIN: 04A3775 NAME: WILLIAMS, WILLIE

LOCATION: OC-01-107

INCIDENT DATE & TIME:        03/22/2023    07:45 AM    TIER 3

REVIEW DATE:                 03/22/2023          BY:  LT  DANTZLER, D E

DELIVERY DATE & TIME:        03/22/23    12:51 PM  BY:  CO  JACKSON, T A

HEARING START DATE & TIME:   3/23 2023 1:30PM       BY: SOIC Y Chevez

HEARING END DATE & TIME:     4/4/2023 2:30 pm  BY: SOIC Y Chevez

WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y /(N)

| CHARGE NUMBER | DESCRIPTION OF CHARGES | REPORTED BY | DISPOSITION |
|---|---|---|---|
| 113.23 | CONTRABAND | CO  ROUSSEAU, B | Guilty |

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE I/I.
SANCTION DATES BELOW ARE SUBJECT TO REVIEW/CHANGE, AND WILL BE CONSECUTIVELY ADDED
ANY SIMILAR CURRENT SANCTION.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . ¢¢ |
|---|---|---|---|---|---|---|---|
| A400 | SHU-Pre-Heavy | 13 | 3/22/23 | 4/4/23 | | | |
| A200 | SHU | 60 | 04/4/23 | 6/3/23 | | | |
| G000 | Loss of Package | 60 | 4/4/23 | 6/3/23 | | | |
| F000 | Loss of Commissary | 60 | 4/4/23 | 6/3/23 | | | |
| G000 | Loss of Phone | 60 | 4/4/23 | 6/3/23 | | | |

03/22/2023                NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION         PAGE
DCP004                      SUPERINTENDENT  HEARING DISPOSITION RENDERED

DIN: 04A3775 NAME: WILLIAMS, WILLIE                          HEARING DATE: 4/4/23

| VISITOR NAME | | | RELATIONSHIP | LAST VISIT | VISITS PRIOR YR | |
|---|---|---|---|---|---|---|
| PENALTY | PENCODE | MO DAY | START DATE | RELEASE DATE | SUSPEND | DEFERRED |
| ALL | | | | | 49 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | 1 | ___ |
| GREEN, KINDU L | | | FRIEND | 03/20/2023 | 2 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| CHEREBIN, DIANE | | | AUNT/UNCLE | 02/20/2023 | 1 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| STEED, ASHLEY C | | | COUSIN | 02/20/2023 | 3 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| JOHNSON, JOHN   JR | | | IN-LAW | 02/19/2023 | 7 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| JOHNSON, TAMBERLYN J | | | COUSIN | 02/19/2023 | 7 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| HOYT, WENDY R | | | AUNT/UNCLE | 01/22/2023 | 2 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| HOYT, WHITNEY | | | COUSIN | 01/22/2023 | 1 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| KELLY, PASHA R | | | SIBLING | 01/22/2023 | 7 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| MONKS, PEYTON | | | NIECE/NEPHW | 01/22/2023 | 5 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| SWEENEY, MEGHAN | | | FRIEND | 01/20/2023 | 3 | |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NO VISITS: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |
| NONCONTACT: | ___ | ___ ___ | __ / __ / __ | __ / __ / __ | ___ | ___ |

NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION          PAGE
CORRECTIONAL FACILITY

SUPERINTENDENT HEARING DISPOSITION RENDERED

DIN: 04A3775   NAME: WILLIAMS, WILLIE                    HEARING DATE: 4/4/23

INCIDENT DATE: 03/22/23          TIME: 7:45 am          TIER: III

A. STATEMENT OF EVIDENCE RELIED UPON:

The disposition herein is based upon the written Misbehavior report dated 3/22/23 in which
states the Incarcerated Individual violated the following rules: 113.23 Contraband.
I have reviewed the Misbehavior report. Incarcerated Ind. had an II Frantz represent him in this
hearing and II Frantz, J. 95A2825 verbal input was taken into consideration during this hearing
Unusual Incident Report (Preliminary Copy) which was read into the record as it was requested
by Williams as well as reviewed by this Hearing Officer in its entirety. The verbal testimony of
CO Rousseau and CO Cunningham and SGT. Bonanno were placed on the record.
Their testimonies were done via the phone as II was confined in SHU and his II rep. was on the
other end with this writer during the hearing.
I/I Brody , E. 08A5968 testified as II requested him as a witness to this incident. His testimony
was done via phone. II Anderson, J. 08A3158 refused to testify as a witness for II Williams.
Form 2176A in the record and placed on the record. Signed by II Anderson and witnessed by
Writer.

NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION                PAGE
CORRECTIONAL FACILITY

SUPERINTENDENT HEARING DISPOSITION RENDERED

DIN: 04A3775   NAME: WILLIAMS, WILLIE                    HEARING DATE: 4/4/23

INCIDENT DATE: 03/22/23            TIME: 7:45 am        TIER: III

B. SPECIAL CONSIDERATIONS:

1. WHERE INMATE IS A JUVENILE, THE SANCTION HAS BEEN MITIGATED AS FOLLOWS:

N/A

2. IF AT ISSUE, HEARING OFFICER CONSIDERED INMATE'S MENTAL HEALTH AS FOLLOWS:

N/A

3. IF AT ISSUE, HEARING OFFICER CONSIDERED INMATE'S INTELLECTUAL CAPACITY
AS FOLLOWS:

N/A

C. ANY OTHER INDIVIDUAL MITIGATING OR AGGRAVATING CIRCUMSTANCES WERE CONSIDERED AS
FOLLOWS (include how they weigh in favor of a less severe or more severe sanction

N/A

NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION          PAGE
CORRECTIONAL FACILITY

## SUPERINTENDENT HEARING DISPOSITION RENDERED

DIN: 04A3775  NAME: WILLIAMS, WILLIE                    HEARING DATE: 4/4/23

INCIDENT DATE: 03/22/23          TIME: 7:45 am          TIER: III

D. OTHER REASONS FOR DISPOSITION:

The Misbehavior Report states a cell search was authorized of II cell HBB W-55, which house II Williams, W. 04A3775. II was directed to step out of the cell and submit to a pat frisk. He complied and no contraband was found on his person. He was allowed to observe the cell search. CO Rousseau recovered a Black Samsung cell phone at the left rear of cell under the bed, 1 pair of black altered headphones in the top locker of cell and 1 Jpay charging cable connected to a homemade phone/charger/adapter. The charger and phone were plugged into electrical outlet of the cell.
Jones remained focused on who did what in the search of his cell and showed no concern that a cell phone/earphones/ found in his cell during a search.
This cell phone/charger/adapter/headphones compromised the Safety and Security of the Facility as a Whole.

E. SUPPLEMENTAL DATA ENTRY

1. IF INMATE FOUND GUILTY OF ASSAULT (100.10; 100.11; 100.12):
   WAS WEAPON USED? No          Y/N   WHAT TYPE?   NONE
   DID AN INJURY OCCUR?  NO     (Y/N)  SEVERITY (1-4)?   NO INJURY

2. IF INMATE FOUND GUILTY OF A SEX OFFENSE (101.10):
   CHOOSE ONE:   FORCE/ATT FORCE      ENCOURAGE/SOLICIT      CONSENSUAL

3. IF INMATE FOUND GUILTY OF THREATS (102.10):
   CHOOSE ONE:   NON-VIOLENT          VIOLENT

4. IF INMATE FOUND GUILTY OF VIOLENT CONDUCT (104.11):
   CHOOSE ONE:   ASSAULT/ATT ASSAULT   THREAT OF VIOLENCE      ACT OF VIOLENCE

5. IF INMATE FOUND GUILTY OF DEMONSTRATION (104.12):
   CHOOSE ONE:   LEAD/ORGANIZED        PARTICIPATED

6. IF INMATE FOUND GUILTY OF INTERFERENCE (107.10):
   CHOOSE ONE:   PHYSICAL             VERBAL

7. IF INMATE FOUND GUILTY OF DRUG POSSESSION (113.25)
   CHOOSE ONE:   POSSESSION ONLY      MAKE/DISTRIBUTE/SELL/EXCHANGE

03/22/2023         NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION         PAGE
CE004              SING SING GN  CORRECTIONAL FACILITY

SUPERINTENDENT HEARING DISPOSITION RENDERED

DIN: 04A3775  NAME: WILLIAMS, WILLIE                    HEARING DATE: 4/4/23

INCIDENT DATE: 03/22/2023           TIME: 07:45 AM         TIER: 3

F. HISTORY/CONFINEMENT SANCTION GUIDELINE REVIEW

----------------------------------------------------------------------

| CHARGE | DESCRIPTION OF CHARGES | 5 YEAR PRIORS | 10 YEAR PRIORS |
|--------|------------------------|---------------|----------------|
| 113.23 | CONTRABAND | 0 | 0 |

AT THE TIME OF THE HEARING, WAS THIS INDIVIDUAL HOUSED  IN A SHU CELL:  __ YES  __ N

----------------------------------------------------------------------

__ THE CONFINEMENT SANCTIONS IMPOSED ARE WITHIN THE PUBLISHED GUIDELINES

OR

✔ I HAVE IMPOSED CONFINEMENT SANCTIONS THAT HAVE DEPARTED UPWARD FROM THE
   PUBLISHED GUIDELINES, FOR THE FOLLOWING REASON(S)(choose up to three):

        ✔ OVERALL CLIMATE OF THE FACILITY
        ✔ SEVERITY OF OFFENSE
        __ LOCATION OF OFFENSE
        __ MANNER OFFENSE WAS COMMITTED
        ✔ RISK TO SECURITY
        __ RISK TO PERSONAL SAFETY
        __ PROPERTY DAMAGE - RESTITUTION
        __ DISCIPLINARY HISTORY
        __ OTHER_____

   (ARTICULATE BELOW THE I/I'S PARTICULAR HIGH RISK   BEHAVIORS OR OTHER FACTORS
    INDICATING NEED FOR CONFINEMENT EXCEEDING THE GUIDELINES TO ADDRESS A
    THREAT TO THE SAFETY OF STAFF OR I/I):

Cell phone was recovered from ILT cell during a
suspicious cell-search.
Cell phone presence in a Correctional Facility poses
a threat to the safety and security of the facility as a

NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION    PAGE
CORRECTIONAL FACILITY

SUPERINTENDENT HEARING DISPOSITION RENDERED

DIN: 04A3775   NAME: WILLIAMS, WILLIE                    HEARING DATE: 4/4/23

INCIDENT DATE: 03/22/23           TIME: 7:45 am          TIER: III

G. PURPOSE(S) OF CONFINEMENT SANCTION IMPOSED (IF ANY) - SET FORTH ALL THAT APPLY:

1. INCAPACITATION(Include the specific behaviors that posed a threat to the safety
of staff or other inmates):

The presence of an electronic device - cellphone with charging cable/adapter, headphones in a Correctional Facility possesses a Huge threat to the Safety and Security of Everyone within - Staff and Incarcerated Individuals.
The presence/use of the cell phones allow communication to occur from within the Facility to possible outside entities to potentially facilitate an escape and/or other threats that would compromise the Safety and Security of the facility as a Whole

2. DETERRENCE:

The sanction imposed on Ind. Williams will serve the purpose of dissuading him from engaging in similar conduct in the future as well as alert other Incarcerated Individuals that such behavior will not be tolerated.

3. FAIRNESS:

N/A

NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION
CORRECTIONAL FACILITY                                    PAGE

SUPERINTENDENT HEARING DISPOSITION RENDERED

DIN: 04A3775   NAME: WILLIAMS, WILLIE                    HEARING DATE: 4/4/23

INCIDENT DATE: 03/22/23          TIME: 7:45 am          TIER: III

H. REASON(S) FOR A SHU CONFINEMENT SANCTION IMPOSED (IF ANY) WHERE INMATE IS UNDER
   PRIOR CONFINEMENT OR IN SHU-ALTERNATIVE PROGRAM (2 of the 3 reasons below must
   found and clearly articulated to impose a SHU confinement sanction, section 1.
   must be articulated in section 2):

1. THE INMATE IS FOUND GUILTY OF ONE OR MORE SERIOUS OFFENSES AS FOLLOWS:
   __ PENAL LAW OFFENSE       __ SEX OFFENSE            DIRECT ORDER (SERIOUS NATURE)
   __ ASSAULT ON INMATE       __ FORCIBLE TOUCHING      ESCAPE ITEMS
   __ ASSAULT ON STAFF          STALKING                POSSESSION EMPLOYEE PROPERTY
   __ ASSAULT ON OTHER          THREATS                 SMUGGLING
      RIOTING                   BRIBERY/EXTORTION        SEARCH/FRISK
      ESCAPE                    VIOLENT CONDUCT         __ EXPLOSIVES
      WEAPON                    DEMONSTRATION            ARSON
   __ FIGHTING                __ GANGS                  __ UNHYGIENIC ACT

2. THE ACT(S) OF MISBEHAVIOR DEMONSTRATE A THREAT TO SAFETY AS FOLLOWS:

   Williams' decision to maintain a cellphone, earphones and charging equipment in his cell for
   his use presents a huge threat to the safety of the Facility and everyone within. Cellphones in
   correctional facility pose a huge Threat to the Facility. Williams at no point during his hearing
   acknowledged his behavior and/or the role he played in having these items in his cell.

3. THE INMATE HAS ENGAGED IN THE FOLLOWING REPEATED ACTS OF DISRUPTIVE MISBEHAVIOR
   DESPITE PRIOR ALTERNATIVE INTERVENTIONS AS SET FORTH BELOW:
                              N/A

NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION                    PAGE
CORRECTIONAL FACILITY

### SUPERINTENDENT HEARING DISPOSITION RENDERED

DIN: 04A3775   NAME: WILLIAMS, WILLIE                    HEARING DATE: 4/4/23

INCIDENT DATE: 03/22/23          TIME: 7:45 am          TIER: III

I. REASON(S) FOR INVOKING REMAINING SHU CONFINEMENT SANCTIONS SUSPENDED UPON AN INMATE'S SUCCESSFUL COMPLETION OF A SHU ALTERNATIVE PROGRAM (the reasons below must be found and clearly articulated to impose the SUSPENDED SHU confinement sanction; section 1 must be articulated in section 2):

1. THE INMATE COMMITTED A SERIOUS ACT OF MISBEHAVIOR AS SET FORTH BELOW:

| | | |
|---|---|---|
| __ PENAL LAW OFFENSE | __ SEX OFFENSE | __ DIRECT ORDER (SERIOUS NATURE) |
| __ ASSAULT ON INMATE | __ FORCIBLE TOUCHING | __ ESCAPE ITEMS |
| __ ASSAULT ON STAFF | __ STALKING | __ POSSESSION EMPLOYEE PROPERTY |
| __ ASSAULT ON OTHER | __ THREATS | __ SMUGGLING |
| __ RIOTING | __ BRIBERY/EXTORTION | __ SEARCH/FRISK |
| __ ESCAPE | __ VIOLENT CONDUCT | __ EXPLOSIVES |
| __ WEAPON | __ DEMONSTRATION | __ ARSON |
| __ FIGHTING | __ GANGS | __ UNHYGIENIC ACT |

2. THE INMATE COMMITTED THE SAME OR SIMILAR VIOLATION AS THAT LEADING TO THE SUSPENDED SANCTION AS SET FORTH BELOW:

N/A

_____

_____

_____

_____

J. SPECIAL INSTRUCTION ON VISITATION OR CORRESPONDENCE RESTRICTIONS, REFERRALS OR SPECIAL EVENT LOSS:

N/A

_____

_____

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - -

YOU HAVE THE RIGHT TO APPEAL THIS TIER III DISPOSITION BY SENDING YOUR APPEAL TO TH COMMISSIONER'S OFFICE WITHIN 30 DAYS OF YOUR RECEIPT OF SUCH DISPOSITION:

I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED: 4/4/23

_Cheryl ____ this is currently_ , 4/4/23  2:35pm
                          _IN SHU_
HEARING OFFICER SIGNATURE  INMATE SIGNATURE          DATE & TIME RECEIVED.


***SUCCESSFUL PRINT COMPLETION***

# EXHIBIT D

#28   Tier III
Documents

GRIEVANT: DWAYNE WILLIAMS   DIN: #-37D5
CELL: C-2-38 TOP
DATE: 4/18/23                    CAY-0186-23
GRIEVANT: WAS FILED on 4/7/23
on 3/23/23 TIER HEARING
PERSONEL MS. CHEVEZ ADMITTED
on MY TIER HEARING III TAPE
THAT MY CONTRABAND TICKET
WAS NOT ENDORSED BY C.O.;
SGT, OR AREA SUPERVISOR. DAYS
LATER MS. CHEVEZ WENT AND
PROCURED A SIGNATURE, THEN LIED
on MY TIER III HEARING TAPE,
COVERING THE QUESTIONING of MY WITNESS
I/I BROOKS) SAYING THAT A SGT'S
SIGNATURE WAS on THE TICKET
THE WHOLE TIME; THAT SHE TOOK
THE TICKET TO A LT; WHO POINTED
THE RED SIGNATURE out THAT SHE
DID NOT SEE BEFORE.


ACTION REQUESTED?
WHILE I AIM TO PRESS FULL CHARGES
FOR FALSIFYING DOCUMENTS, PERJURY,
FRAUD, TAMPERING WITH EVIDENCE
AND MORE, FOR THE TIME BEING I
MOVE TO HAVE MS. CHEVEZ REMOVED
FROM ANY DUTY REGARDING TIER
HEARINGS, TICKETS OR F.O.I.L
REQUEST.

RECEIVED

APR 2 0 2023

Incarcerated Grievance Program

# EXHIBIT E

FORM 2178A (9/11)        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

# APPEAL FORM TO COMMISSIONER
## SUPERINTENDENT'S HEARING*

p6 - 1 of p. 3

Print or Write Carefully

| DIN | LAST NAME | FIRST NAME |
|---|---|---|
| 04 A 3775 | COPELAND | COPELE |
| CURRENT FACILITY | HEARING FACILITY | HEARING DATE |
| Sing Sing C.F. | Sing Sing C.F. | 3/23/2023 |

THE SPECIFIC GROUNDS FOR MY APPEAL ARE AS FOLLOWS:

GROUND 1) IN Violation of Dir: #4932 §251-3.1(
Ticket was not endorsed by No other C.O.,
Sgt Nor Area supervisor who claimed to
be present/participated in cell search (i.e
Cunningham + Sgt. Bariano). The Hearing
personal admitted "ON RECORD" THAT THERE was
No endorsement on ticket by any other C.O.
or Sgt outside of Russon and C.O. who
served I/t Williams the ticket.

GROUND 2) IN Violation of Dir: 4932 §253-1-
The Hearing personal went off the Record,
Investigated the Missing Sgt's Signature,
Then came back on Record days latter saying
Sgt's Signature where there the earliest
posible time and the LT- pointing it out to
Her. Endorsment still aint stand; Sgt was not present

GROUND 3) IN Violation of Dir: 4910 §VI-B-2
+ §VE-C-1.3 "SCHEDULED/UNSCHEDULED Regular
Type Searches... Must be done under close
supervision" This cell search was done
with No supervision as admitted by C.O.
Russon, C.O. Cunningham and later by Sgt
Bariano who wrote In Her report She was
present but admitted on Record she was not
Please see attached _____ 04 A 3775  4/9/2

INMATE'S SIGNATURE                    DATE

* Appeals must be submitted within 30 days of receipt of the disposition.

FORM 2178A (9/11)      STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

# APPEAL FORM TO COMMISSIONER
## SUPERINTENDENT'S HEARING*

P6- 2 of 3

Print or Write Carefully

| DIN | LAST NAME | FIRST NAME |
|---|---|---|
| 04A-3775 | Williams | Willie |

| CURRENT FACILITY | HEARING FACILITY | HEARING DATE |
|---|---|---|
| Sing Sing C.F. | Sing Sing C.F. | 3/23/2023 |

THE SPECIFIC GROUNDS FOR MY APPEAL ARE AS FOLLOWS:

Ground 4) Conflicting Testimony: C.O. Cunningham claim to be present, observed search but does not know where phone was found. While C.O. Russell was ordered to search cell he did not know who order him to search cell, but Cunningham knew that Sgt. Banano ordered search

Ground 5) Tier assistant requested to call I/T Williams to testify, Tier hearing personal denied testify, C.O. Vasquez was needed to be called as he was actually there, not Cunningham and hearing personal denied that witness as well

Ground 6) Tier hearing personal stated he could go against Dir. 4932 §253-1-2 to investigate ticket/missing signature but failed to show rule governing his action. Hearing personal failed to show rules who governs his saying I/T Williams could not speak to preserve objection since I had an assistant, especially since hearing personal partook in objectionable actions after I/T Williams spoke with assistant

please see attached

INMATE'S SIGNATURE    04A 3775    4/9/2_
DATE

* Appeals must be submitted within 30 days of receipt of the disposition.

PG. 3 of 3

PAGE (3) APPEAL FORM TO COMMISSIONE ~~SUPERINTENDENT'S HEARING~~

I OBJECT TO SHU TIME SERVED NOT BEING COUNT

GROUND 7) PLEASE SEE PAGE (8) OF DISPOSITION PACKET; SECTION 'H' SAYS: "...REASONS FOR S.H.U. CONFINE MENT... (2 OF THE 3 REASONS BELOW MUST BE FOUND AND CLEARLY ARTICUL ATED TO IMPOSE A SHU CONFINEMENT SANCTION, SECTION I. MUST BE ARTICULATED IN SECTION 2. THERE IS NO SERIOUS ~~AND SHU THE ISSUE OF~~ ~~INJURIES~~ ~~SECTION 2.~~ SO, FOR ALL OF THE REASONS STATED HEREIN A COMPLETE DISMISSAL OF THE TICKET IS REQUESTED, AND TO HAVE I/I WILLIAMS RESTORED BACK TO HIS WORK AND COLLEGE PROGRAMS AS PREVIOUSLY OCCUPIED"

THANK YOU FOR YOUR TIME AND CONSIDERATION IN THE MATTER AS THIS IS THE FIRST APPEAL TH I, (I/I WILLIAMS) WROTE MYSEL

4/9/23                    RESPECTFULLY

CC: FILE

# EXHIBIT F

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050


REVIEW OF SUPERINTENDENT'S HEARING

NAME:  WILLIAMS, WILLIE                           NO.  04A3775

HEARING FACILITY:  SING SING


ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF APRIL 4, 2023,     HAS BEEN REVIEWED AND AFFIRMED ON JUNE 14, 2023.



___A. RODRIGUEZ___
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES


APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL HOUSING/INMATE DISCIPLINE PROGRAM.

# EXHIBIT



Willie Williams DIN# 04-A-3775

Box 149

Attica, New York 14011-0149

Dated:

To: Mr. A. Rodriquez
    Director Special Housing
    Inmate Disciplinary program
    The Harriman State Campus Bldg. 2
    1220 Washington Avenue
    Albany, New York 12226-2050

Re: For Tier III Appeal Reconsideration

Mr. Rodriquez:

Hello and how are you? I writ to inform you of my finally having a chance to listen to my Tier III Hearing proceedings. I listened to half on 6/22/23 and the other half in the second week of July.

Having to perfect my appeal without having had the opportunity to listen to the proceedings again left me inadequately prepared to bring all issues to be reviewed to your office's attention.

Now, with the above stated I submit all previous issues raised for reconsideration along with the following issues recently heard and reminded of the issues that are objectionable and worthy of overturning the decision are as follows.

#1) The Tier Hearing Officer, Ms. Cheverez stated on the

record that she is also the F.O.I.L. Officer in Sing Sing. Ms. Cheverez was supposed to recuse herself from being I/I Williams Tier Hearing Officer being that Williams filed Grievance complaints against her in the past when she failed to properly handle Williams F.O.I.L. Request(s). Her presding over the matter is a conflict of interest.

#2) Ms. Cheverez denied witnesses from being called to testify as is I/I Williams right. C.O. Vasquez's testimony was not only detrimental to my defense, but for the denial of such testimony being recorded shows that the Hearing Officer was not trying to get to the bottom of conflicting testimony at all. C.O. Vasquez's was not denied because of security reasons or institutional goals, but for other reasons I will not assume.

In denying I/I Williams this witness, no "Form 2176" was filled out concerning C.O. Vasquez being denied or refusing. The requested testimony from C.O. Vasquez was mateial indeed. (Directive 4932 § 253.5 and 254.5) (Section 254.5[B])

Also, the testimony of C.O. Russien and C.O. Cunningham outside of my presence also goes against the above Directive(s) and case citations. Me being in S.H.U. at the time the Hearing was being conducted is not an aexcuse or exception. The Tier Hearing Officer did not determine that my presence would have threatened institutional safety or correctional goals. I did not exhibit any threatening/violent conduct prior to, nor during the hearing being

conducted. S.H.U. I/I's are escorted, shackled, throughout the facility daily. I/I Williams's objection to these procedure(s) are not necessary as I/I Williams did not make a knowing and intelligent waiveer.

#3) On page (7) of the Disposition rendered, Section G - "Incapacitation", the Hearing Officer states that the alleged contraband could be used as an escape item as purpose for confinement sections. Finally, on page (8) of the Disposition packet, (which the Hearing Officer was not required to address because I/I Williams was not under prior confinement or S.H.U. alternative program(s).

The Officer did not check "Escape Item" Moreover, there was never any evidence submitted proving that I/I Williams possessed and "Used" the alleged contraband. No Evidence was ever presented showing phone numbers called on the phone that matched or connected to the I/I Williams or his phone list. There was no proof of text or any digital evidence connecting I/I Williams to this alleged contraband.

The only evidence relied upon was #1) a written U/I Report) by Sgt. Bonano who wrote she was present, observed search and participated. Then admitted on record that her Report was false, that she was not present at all.

PLEASE BE so kind as to keep in mind that on 4/9/23 I

submitted my original appeal, appealing the Decision of guilt to the charge of 113.23, Contraband. You reviewed and affirmed the decision on June 14, 2023. My request for reconsideration is founded on my recent review of the Hearing tapes (Tape #54) on 6/22/23, (which is when I heard the first half of the tape) then I heard the remaining portion of the Tape during the second week of July, 2023. The specific grounds are spelled out above for this reconsideration request.

WHEREFORE, I/I  Williams hopes your office will render a favorable decision in overturing the guilty decision.

Willie Williams DIN# 04-A-3775

Willie Williams 04 A 3775
Box 149
Attica N.Y. 14011-0149
Date: 9/13/23

To: Mr. A Rodriguez
Director Special Housing
Inmate Disciplinary Program
The Harriman State Campus Bldg. 2
1220 Washington Avenue
Albany N.Y. 12226-2050

Re; To Inquire about my
Reconsideration

Mr. Rodriguez
Hello, On 8/16/23 I mailed
you a reconsideration for my
Tier III Ticket written on 3/22/23.
Is it being considered?
Please let me know at
your earliest convenience

Thank you

Willie W

cc: file

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Robert H. Jackson | **MARY C. LOEWENGUTH** | Kenneth B. Keating |
| United States Courthouse | CLERK OF COURT | Federal Building |
| 2 Niagara Square | | 100 State Street, Room 2120 |
| Buffalo, New York 14202 | **PATRICK J. HEALY** | Rochester, New York 14614 |
| Phone: 716-551-1700 | CHIEF DEPUTY CLERK | Phone: 585-613-4000 |
| Fax: 716-551-1705 | | Fax: 585-613-4035 |

## NOTICE OF CIVIL CASE OPENING
## 23CV834                    Buffalo Division

**Willie Williams**        v.        **Sgt. Bonano et al.**

United States District Judge:        *Hon. John L. Sinatra, Jr.*

Your case has been opened under the above-referenced docket number. Please include this docket number on everything you send to the court concerning your case. Please also be advised of the following:

- Documents submitted for filing should be originals and MUST contain an original ink signature.

- An affidavit of service must be included with all documents submitted for filing.

- All documents should be sent to the divisional office (Rochester or Buffalo) indicated above. Do NOT send any paperwork directly to Chambers unless directed to do so by the Judge.

- It is your responsibility to keep this office informed of any change of address, regardless of whether you are represented by an attorney. Address changes should be submitted in writing, signed, and dated. Your case may be dismissed if the Court does not have your current address.

- You will be notified by mail when the Court or another party files documents on your case. It is your responsibility to retain those copies, as well as copies of any documents that YOU file, and monitor the progress of your action yourself.

- If you wish to receive a file-stamped copy of documents that you submit by mail, you must provide a second EXACT copy of your document AND a self-addressed, stamped envelope with proper postage.

- Copy requests, including your docket sheet are assessed a copy fee. You may contact the Clerk's Office for an estimated fee, which must be paid by check or money order before copies can be released. Alternatively, if you have internet access, you may register for a PACER account to view and print documents on your case. There is no cost for registration and fees are waived when usage is less than $15 quarterly. For more information, visit www.pacer.gov.

- The Clerk's Office may assist you by providing forms or answering general questions concerning procedure or the status of your case, but court employees are not permitted to offer legal advice specific to your case.

**Procedural questions on cases opened in Buffalo: 716-551-1700**
**Procedural questions on cases opened in Rochester: 585-613-4000**

# WHAT HAPPENS NEXT?
## A Summary Guide for Pro Se Parties

Please review the following documents associated with your case:

☒ **PRIVACY NOTICE**

*Detailed information about public access to court documents and how to protect confidential information.*

☒ **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

*There are two types of judges in the federal district courts: U.S. District Judges and U.S. Magistrate Judges. If all parties in your case consent, a lawsuit may be heard for all purposes (including trial) by a Magistrate Judge, purs to 28 U.S.C. § 636. By consenting to proceed before a Magistrate Judge, you may find that your lawsuit generall proceeds with greater speed than if the case were before a District Judge. This is because Magistrate Judges are affected by the scheduling requirements imposed by felony criminal cases, whereas District Judges must give pric to criminal trials, which can be lengthy and complicated.*

*If all parties do NOT consent to proceed before a Magistrate Judge, <u>the District Judge may still refer certain mati to a Magistrate Judge</u>, who may issue an Order on some matters, or a Report and Recommendation on others. you disagree with either of these, you will have an opportunity to object and the District Judge will consider and on your objection. Also, the District Judge will preside over trial if the case proceeds without the consent signed b parties.*

**Please review the information notice and if you choose to consent, complete the accompanying form and retu it to the Clerk's Office.**

☐ **SUMMONSES**

*If you paid the filing fee to open your case, the Clerk's Office has issued the summons forms that you have provide as long as they are in proper form and completed. It is your responsibility to properly serve the other parties in yo case.*

*If you applied for in forma pauperis status to have the filing fee waived, you must wait until a Judge renders a decision on that motion before summonses will be issued.*

☒ **CIVIL CASE TIMELINE**

# ADDITIONAL RESOURCES

*It is your responsibility to review and adhere to the Federal and Local Rules of Civil Procedure. You may access the from our website: www.nywd.uscourts.gov, under the tab "Representing Yourself."*

*In addition, you may review the "Pro Se Guidelines," which is a reference document that is also available on our website. If you do not have access to the internet, you may request a copy of this document by contacting the Cler Office.*

# PRIVACY NOTICE
## To Pro Se Litigants of INTERNET Availability of Civil Case File Information

The United States District Court for the Western District of New York makes the content of cases available on PACER.[1] Any subscriber to PACER will be able to read, download, store, and print the full content of documents filed **on or after January 1, 2004.**

To comply with the policy of the Judicial Conference of the United States and the E-Government Act of 2002, Pub. L. No. 107-347, **filing parties shall omit,** or, where inclusion is **necessary,** partially redact (remove) the following personal data information from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the assigned judge orders otherwise:

    (1)    Minors' names: Use the minors' initials (Only initials);
    (2)    Financial account numbers: Identify the financial institution and name or type of account, but use only the last four numbers of the account number;
    (3)    Social Security numbers: Use only the last four numbers;
    (4)    Dates of birth: Use only the year; and
    (5)    Other data as permitted by order of the court.

Additionally, you should not include confidential information in any document filed with the court **unless** such inclusion is necessary and relevant to the case. You must remember that any personal information not otherwise protected will be made available over the Internet via WebPACER. You may omit or partially redact (remove) the following confidential information from all pleadings, documents, and exhibits, unless the assigned judge orders otherwise:

    (1)    Personal identifying number, such as driver's license number;
    (2)    Medical records, treatment and diagnosis;
    (3)    Employment history;
    (4)    Individual financial information; and
    (5)    Proprietary or trade secret information.

The parties are solely responsible for any personal information filed. **The clerk's office will not review documents for compliance with this rule, seal on its own motion documents containing personal information, or redact documents, whether filed electronically or on paper.**

## SEALING OF DOCUMENTS
The clerk's office will not make electronically available documents that have been sealed or otherwise restricted by court order. Rules relating to the sealing of documents are controlled by Rule 5.4 of the Local Rules of Civil Procedure for the Western District of New York.[2] A party wishing to file a document containing the personal information specified above may move for leave to file an unredacted document under seal. (E-Government Act of 2002, Pub. L. No. 107-347). If the court grants the motion, the court will retain the paper document as part of the record. In granting the motion, the assigned judge may require the party to file a redacted copy for the public file. (See Administrative Procedures Guide, Section 2m-2n.)

---

[1] Remote electronic access to pleadings filed in civil social security cases is limited to counsel of record and court staff. Non-parties have direct access to the pleadings on file at the Clerk's Office.

[2] If there is a conflict between the Local Rules and the Administrative Procedures Guide, the Administrative Procedures Guide will control.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**INFORMATION REGARDING ASSIGNMENT OF**
**CASE TO MAGISTRATE JUDGE AND**
**FORM  FOR CONSENT OR NON-CONSENT**                    Sgt. Bonano et al.

---

This is to advise you that you may consent to proceed to disposition of this case before a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  This means that if all the parties consent, a Magistrate Judge will handle all aspects of the case, including the trial, probably much sooner than the district judge assigned to the case.  You may, however, without penalty, withhold your consent, and the case will be tried by the district court judge.


If all parties consent to proceed before a Magistrate Judge, any appeal taken from the judgment in this case shall be made to the Court of Appeals for the Second Circuit.

The decision to consent or not to consent to proceed to disposition before a Magistrate Judge is entirely voluntary, but you **must** advise the Clerk of the U.S. District Court whether or not you would be willing to consent to disposition of the case by a magistrate judge **within 30 days of your receipt of this notice**.

Your response MUST be made to the Court on the attached form.


                                            MARY C. LOEWENGUTH
                                               Clerk of Court
                                         United States District Court



# Civil Case Timeline

***This is a general timeline only – not all cases will proceed in this manner***

RECEIVED
SDNY PRO SE OFFICE

2024 AUG -5 AM 10: 39

Willie Williams 04-A-5775

Box 149

Att. ct NY. 14011-0149

ATTN: CHIEF COURT CLERK

U.S.D.C. S.D. of New York

U.S. Courthouse

500 Pearl Street

New York, NY. 10007

24-cv-158

PRO
SE
C.R
8/2/24

RECEIVED

CLERK'S OFFICE
S.D.N.Y.

AUG 1 - 2024

USM P3